The judgment is reversed, and the cause remanded.

---

## SCHULER v. STATE.   (No. 6224.)

(Court of Criminal Appeals of Texas.   Nov. 23, 1921.)

Criminal law ⬅144(13)—Presumption that verdict is sustained conclusive in absence of statement of facts.

No statement of facts accompanying the record, the presumption that the verdict is sustained by the facts proved is conclusive.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Howard Schuler was convicted of theft, and appeals. Affirmed.

W. W. Nelms, of Dallas, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

In the brief and argument the judgment is attacked solely upon the ground that the evidence was not sufficient to support the verdict.

We find no statement of facts accompanying the record, in the absence of which the presumption that the verdict is sustained by the facts proved is conclusive.

The judgment is affirmed.

---

## McCOWAN v. STATE.   (No. 6372.)

(Court of Criminal Appeals of Texas.   Nov. 16. 1921.)

Intoxicating liquors ⬅137—Possession of equipment for manufacture not offense.

It is not an offense to possess equipment for the manufacture of intoxicating liquor, under the Dean Act, as amended by Acts 1st and 2d Called Sess. 37th Leg. p. 233.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Robert McCowan was convicted of possessing equipment for making intoxicating liquor, and appeals. Conviction set aside, and prosecution ordered dismissed.

A. C. Price, of Moody, and Street, Willis & Coston, of Waco, for appellant.
R. H. Hamilton, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was charged by indictment in various counts for violation of what has been termed the Dean Law (Acts 36th Leg. 2d Called Sess. c. 78). The fifth count, under which this conviction was had, charged him with possessing equipment for making intoxicating liquor. Acts of the First and Second Called Session of the Thirty-Seventh Legislature, p. 233, so amended the Dean Law that the possession of equipment for the manufacture of intoxicating liquor is not now an offense. State v. Cox (No. 6423) 234 S. W. 531, decided at the present term of this court, and not yet [officially] reported.

It therefore follows that the conviction must be set aside, and the prosecution ordered dismissed.

---

## HARGROVES v. STATE.   (No. 6479.)

(Court of Criminal Appeals of Texas.   Nov. 23, 1921.)

Criminal law ⬅1081—Absence of notice of appeal defeats jurisdiction.

The absence of notice of appeal prevents the jurisdiction of the Criminal Court of Appeals from attaching, and requires dismissal of the appeal.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Tobe Hargroves was convicted of aggravated assault, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for aggravated assault; punishment fixed at a fine of

$400 and confinement in the county jail for a period of 30 days.

There is no statement of facts nor bill of exceptions. No errors appear in the record.

No notice of appeal is contained in the transcript. In its absence, the jurisdiction of this court does not attach. For want of it, the appeal is dismissed.